Of Counsel:
RONALD K. KOTOSHIRODO
Attorney at Law
A Law Corporation

RONALD K. KOTOSHIRODO
1136 Union Mall, Suite 305
Honolulu, Hawaii  96813
Telephone:  (808) 545-7700
Facsimile: (808) 545-7100
rkotoshirodo@hawaii.rr.com

Attorney For Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | Bk. No. 12-00332-RJF |
| | ) | (Chapter 7) |
| DONALD VAN HOUTEN TOTTEN, JR., | ) ) | TRUSTEE'S MOTION FOR ORDER |
| Debtor. | ) | COMPELLING DEBTOR TO |
| | ) | TURNOVER ESTATE PROPERTY; |
| | ) | DECLARATION OF RONALD K. |
| | ) | KOTOSHIRODO |
| | ) | |
| | ) | Date:    June 19, 2013 |
| | ) | Time:    10:30 a.m. |
| _____ | ) | Judge:   Honorable Robert J. Faris |

TRUSTEE'S MOTION FOR ORDER
COMPELLING DEBTOR TO TURNOVER ESTATE PROPERTY

COMES NOW, Dane S. Field, the trustee herein ("Trustee"), by and through his undersigned counsel, and respectfully alleges:

1.  Movant is the duly qualified and acting Trustee in this case.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E).

3. On February 16, 2012, the Debtor voluntarily commenced this case under Chapter 11 [Dkt.#1].

4. The Debtor as the debtor-in-possession operated a long term and short term vacation rental business on Maui.

5. On April 30, 2012, the Debtor filed an amended Schedule B – Personal Property which set forth cash assets consisting of "cash on hand" in the sum of $400 and various bank accounts containing an aggregate sum of $155.94. Additionally, the Debtor scheduled a 2003 Jeep Wrangler ("motor vehicle") having a value of $6,616.00 [Dkt.#40].

6. On June 15, 2012, the Debtor's Chapter 11 case was involuntarily converted to a case under Chapter 7 by that certain Order Converting Chapter 11 Case to Chapter 7 Case [Dkt.#110].

7. Rule 1019(4) provides that, upon the conversion of a Chapter 11 Case to a Case under Chapter 7, the debtor in possession "shall, forthwith, unless otherwise ordered, turn over to the chapter 7 trustee all…property of the estate in the possession or control of the debtor in possession…"

8. Based on the debtor's Monthly Operating Report for May 2012, dated December 5, 2012 [Dkt.#220], the debtor in possession's accounts held

$6,856.52 as of the conversion date, June 15, 2013.  These funds were property of the estate pursuant to §541 and must be turned over by the Debtor to the Trustee in accordance with Rule 1019(4).

9.  On March 21, 2013, the Debtor amended his Schedule C – Property Claimed as Exempt wherein (i) the above-mentioned cash assets of $555.94 were not exempted, and (ii) the value of $3,616 of the debtor's interest in the motor vehicle was also not exempted.  [Dkt.#241].

10.  Pursuant to 11 U.S.C. §541 and other applicable law, the foregoing cash assets in the sum of $555.94 and the non-exempt value of the debtor's interest in the motor vehicle in the sum of $3,616 are properties belonging to the Trustee's estate which the debtor, under §521(a)(4), has a duty to turnover over.

11.  The Trustee's efforts to obtain the debtor's cooperation in turning over the above funds as of the conversion date and non-exempt funds have been unsuccessful as he has failed, neglected and/or refused to turnover the same.  ¶3, Declaration of Ronald K. Kotoshirodo attached hereto.

WHEREFORE, Trustee prays that this Court makes its Order directing the debtor to turnover forthwith to the Trustee the sum of $6,856.52 in accordance with Rule 1019(4), the sum of $4,171.94 as the non-exempt assets

belonging to the Trustee's estate in accordance with §521(a)(4); and for such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, April 30, 2013.

/s/ Ronald K. Kotoshirodo
Attorney for Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | Bk. No. 12-00332-RJF |
| | ) | (Chapter 7) |
| DONALD VAN HOUTEN TOTTEN, JR., | ) ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| _____ | ) | Judge: Honorable Robert J. Faris |

## DECLARATION OF RONALD K. KOTOSHIRODO

I, RONALD K. KOTOSHIRODO, declare as follows:

1. I am an attorney representing the trustee in the above-captioned case.

2. I have personal knowledge of the matters set forth in this Declaration except as to those matters stated upon information and belief, and as to those matters, I believe them to be true. If called as a witness, I could and would competently testify as to the matters set forth herein.

3. Despite my telephone conferences, correspondence, and exchanges during the continued meetings of creditors with debtor's counsel, I have been unable to obtain the debtor's cooperation for the turnover of the cash funds held as debtor-in-possession at the time of the conversion of this case on June 15, 2012

and the turnover of non-exempt assets following the debtor's amending of his Schedule C – Property Claimed as Exempt on March 21, 2013 [Dkt.#241].

      I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Honolulu, Hawaii, on April 30, 2013.


      /s/ Ronald K. Kotoshirodo