Date Signed:
January 12, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DONALD VAN HOUTEN TOTTEN, JR.<br><br>        Debtor. | Case No. 12-00332<br>Chapter 7<br><br>Re: Docket No. 604 |

### ORDER SUSTAINING OBJECTION TO CLAIM

Mary Ann Landauer, the debtor's ex-wife, filed a proof of claim (designated as claim 3 on the claims register). As amended (*see* claim 3-7), the proof of claim asserts a claim in the amount of $1,355,000, which is secured by "buyout of all assets of the community" which the proof of claim values at $5,000,000, plus interest at ten percent per annum. Ms. Landauer also asserts that the claim is entitled to priority as a domestic support obligation.

The trustee filed an objection to Ms. Landauer's claim on various grounds.[1]

---

[1] Dkt. 604.

First, the trustee objects to Ms. Landauer's claim of secured status because there is no evidence that Ms. Landauer holds a perfected lien or security interest in any of the estate's assets. I agree with this argument. Ms. Landauer has offered no proof that the judgment entered in the divorce proceedings was ever recorded or that any other steps to perfect a lien were taken. The settlement agreement resolving the divorce[2] provides for Ms. Landauer to receive half of the net proceeds of two promissory notes, but there is no evidence that Mr. Totten transferred ownership of either note to Ms. Landauer or granted her a perfected security interest in either note.

Second, the trustee argues that Ms. Landauer's claim is not entitled to priority as a domestic support obligation. A domestic support obligation is a debt that is (among other things) "in the nature of alimony, maintenance, or support . . . ."[3] The phrase "in the nature of" means that the court must look behind the labels used by a divorce decree or agreement to ascertain the true nature of a particular debt.[4]

The settlement agreement provides that "[t]here will be no alimony, instead there will be a $10,000 monthly payment . . . for 144 consecutive months [that] will be considered a buyout to Mary Ann Landauer of all the assets owned by the

---

[2] Claim 3-7 Part 2 at 17-21.

[3] 11 U.S.C. § 101(14A)(B).

[4] *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir. 1994); *In re Combs*, 101 B.R. 609, 615 (B.A.P. 9th Cir. 1989).

U.S. Bankruptcy Court - Hawaii   #12-00332   Dkt # 615   Filed 01/12/16   Page 2 of 5

community."[5] Ms. Landauer has not offered any evidence to contradict this provision. Because both spouses had no income at the time of the divorce settlement,[6] an agreement to forego alimony is reasonable.

The situation concerning child support is murkier. The agreement provides, rather ambiguously, that "there will be no child support or spousal support. (You pay their tuition) & (set up a college fund for your two boys) (Sell the Tulip Biomed stock. At least give them a reason not to hate you.)" Although this provision is not a model of clarity, the apparent intent was that Mr. Totten would not provide regular payments of child support[7] but would provide for the two sons' college educations. This obligation is "in the nature of support."

The agreement does not specify the amount of the college fund. Ms. Landauer's proof of claim alleges that the college fund should be $320,000, which would provide $40,000 per year to each boy for four years. The trustee has not

---

[5] Claim 3-7 Part 2 at 18 ¶ 3.

[6] *Id*. at 14.

[7] Ms. Landauer points out that the judgment approving the settlement says that "child support is awarded" and "spousal or partner support is awarded." But this is a misleading partial quotation of the judgment. In full, it says that support is ordered "as set forth in the attached . . . settlement agreement," and the settlement agreement in this case provided for no spousal or child support.

Ms. Landauer also argues that, under California law, child support is mandatory. If that is correct, it might be a basis for the California court to correct its judgment, but the judgment is binding in this court even if it is wrong. *Williams v. State of North Carolina*, 317 U.S. 287, 306, 53 S.Ct. 207, 216-217 (1942).

3                                    12-332 TOTTEN Landauer claim.wpd

U.S. Bankruptcy Court - Hawaii   #12-00332   Dkt # 615   Filed 01/12/16   Page 3 of 5

provided evidence establishing that this amount is unreasonable, so I find that Ms. Landauer has a claim of $320,000 plus interest at ten percent per annum[8] that is entitled to priority as a domestic support obligation.

The trustee also seeks direction concerning who is entitled to payment on the claim. Ms. Landauer assigned her claim to Susan Vineyard apparently so Ms. Vineyard could collect the claim on a contingent fee basis. Ms. Landauer claims that she rescinded the assignment, but she offers no legal reason why she was entitled to rescission. I need not decide this dispute now, however. According to the trustee, the estate holds only about $61,000 and it is uncertain that the estate will collect any more. The fees of the trustee and his professionals are probably substantial considering how contentious this case has been, and those fees would have priority over Ms. Landauer's claim "to the extent that the trustee administers assets that are otherwise available for the payment of such claims."[9] Therefore, there is no certainty that there will be any distribution on any of Ms. Landauer's claim. I will defer deciding the dispute between Ms. Landauer and Ms. Vineyard until it is necessary for me to do so.

The balance of Ms. Landauer's claim may be treated as a general unsecured claim. The trustee argues that the documents attached to the proof of claim are not consistent with the amount claimed. For the reasons just stated, I will defer

---

[8] Cal. Civ. Proc. Code § 685.010(a).

[9] 11 U.S.C. § 507(a)(1)(C).

U.S. Bankruptcy Court - Hawaii   #12-00332   Dkt # 615   Filed 01/12/16   Page 4 of 5

consideration of this issue unless and until the trustee is ready to make a distribution to the holders of general unsecured claims.

Ms. Landauer provides a detailed and passionate recitation of the wrongs which she says her ex-husband, the trustee and his counsel, and the justice system have inflicted on her. Based on what I have observed while presiding over this case, I believe that her complaints about the trustee and his counsel are unfounded and that she has been treated fairly in this bankruptcy case. I need not decide whether her other complaints have merit because they have no bearing on the validity, amount, or priority of her claims in this case. For example, I accept that the debtor mistreated his ex-wife in many respects, but that does not mean that she should collect a larger share of the debtor's estate at the expense of his other creditors (many of whom the debtor also mistreated in various respects.)

Therefore, the objection is SUSTAINED IN PART as follows:

1. Ms. Landauer's claim is disallowed as a secured claim.

2. Ms. Landauer's claim is allowed in the amount of $320,000 (plus interest?) and no more as a domestic support obligation.

3. Decision on the balance of the objection is deferred until such time as funds are available for distribution to the holder of the claims asserted by Ms. Landauer.

### END OF ORDER